IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT WILLIAM LONG, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) No. 13-1445-JWL |
| CAROLYN C. COLVIN | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed his Complaint in this case pro se on November 27, 2013. (Doc. 1). On February 14, 2014, the Commissioner filed her Answer, the Social Security Administrative Record, and an Amended Answer. (Docs. 9, 10, 11). Therefore, Plaintiff's Social Security Brief was due no later than March 31, 2014 in accordance with Local Rule 83.7.1(d). On March 4, 2014, the Commissioner filed a Notice of Returned Mail showing that the Answer, the Social Security Administrative Record, and the Amended Answer were all returned to the United States Attorney's Office, marked by the Post Office that the Plaintiff had moved from 1440 S. Emporia St., Wichita, KS 67211, and had left no forwarding address. (Doc. 12).

When Plaintiff's Social Security Brief was not filed when due by April 1, 2014, the court began looking into the matter. Because of the Notice of Returned Mail, and noting that Plaintiff appears <u>pro se</u>, the court had a Clerk's Office representative attempt to contact Plaintiff at the phone number listed on his Complaint. Contact was not established with the Plaintiff, but a message was left on voice mail at the phone number listed on the Complaint instructing Plaintiff that it was very important for him to contact the Clerk's Office and to provide a current address at which he might be reached. The docket continues to list the address for Plaintiff from which the Answer, Administrative Record, and Amended Answer were returned, and there is no indication that Plaintiff has contacted the Clerk's Office.

The court filed an Order to Show Cause on April 10, 2014 informing Plaintiff that even though he is <u>pro se</u>, he is expected to comply with the court's Local Rules which are available on the court's web site at <u>http://www.ksd.uscourts.gov</u>. (Doc. 13). Plaintiff was ordered to show cause why his Social Security Brief has not been filed and why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules because of Plaintiff's failure to prosecute his claim, in a response filed with the Clerks Office no later than May 12, 2014. <u>Id.</u> at 3. He was informed that failure to respond to the Show Cause Order could result in this case being dismissed in accordance with the Rules cited above. <u>Id.</u>

The Order to Show Cause was mailed to Plaintiff by certified mail. (Doc. 13). On April 15, 2014 a Certified Mail Receipt was returned to the court showing that the Order

to Show Cause was received on April 12, 2014, and was signed for by "Cindy S. Long." (Doc. 14). The deadline for Plaintiff to respond and show cause has come and gone, but no response has been received, and there has been no updated address for Plaintiff filed in the court's docket. The court does not know Plaintiff's present desire with regard to his request for judicial review of the Commissioner's decision denying benefits, and has exhausted all reasonable means at its disposal to contact Plaintiff.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." Id. (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective. Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)). "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by Plaintiff's failure to actively prosecute this case. The Commissioner has invested time and effort into researching and preparing an answer in this case and into preparing the administrative record and converting it into a format which is compatible with filing in the court's electronic case filing system. Moreover, the Commissioner was required to utilize resources to monitor and review the court's orders and determine whether any action on her part was necessary or appropriate in the circumstances.

The second factor also somewhat supports dismissal of this action. The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process. The court has invested time and effort into attempting to shepherd this case through the briefing process laid out in Local Rule 83.7.1, without success. Plaintiff has not responded so far, and there is no indication that any amount of time will result in production of a Social Security Brief stating Plaintiff's position on the Commissioner's decision of his case. It is not even clear that Plaintiff has kept the court informed of his address.

This leads to consideration of the third factor which focuses on the plaintiff's culpability. The third factor more heavily weighs in favor of dismissal. As is more fully laid out above, Plaintiff has failed to prepare and file a Social Security Brief since the Commissioner filed his answer and the administrative record in this case on February 14, 2014.

The fourth factor is also satisfied. The court's "Order to Show Cause" specifically warned Plaintiff that failure to respond could result in dismissal of his case, and the docket reflects that Plaintiff was served with that order by certified mail at his last known address on April 12, 2014. (Doc. 14).

Finally, the court considers the efficacy of lesser sanctions. Here, the court has been unable to secure Plaintiff's compliance with the court's Local Rules or a response to the court's Order to Show Cause despite all of its efforts. In fact, the court is not even certain that Plaintiff has kept it informed of his address or how he may be reached. Moreover, the court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of this case. After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five Ehrenhaus factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. Defendants have suffered prejudice by virtue of having devoted resources to preparing and filing an answer and the administrative record in this case, and monitoring the actions of the court in its attempts to secure prosecution of the case. Meanwhile, this case is interfering with the judicial process because it lingers on the court's docket without any progress toward resolution. Plaintiff's culpability for this predicament is high, as he is the one who failed in his obligation to prepare a brief or to keep the court apprised of his current address. And, the court forewarned plaintiff that his failure to respond could

result in dismissal, yet he has not done so. At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules, because of Plaintiff's failure to prosecute this case.

Copies of this order shall be provided to counsel of record for the Commissioner of the Social Security Administration, and shall be mailed via certified mail to Plaintiff at his last known address.

Dated this 15th day of May, 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**